Honorable Benjamin Euresti, Jr. Cameron County Attorney Cameron County Courthouse 974 E. Harrison Street Brownsville, Texas 78520
Re: Whether a county may condition receipt of assistance under the Indigent Health Care Act on an applicant's furnishing a social security number (RQ-1539)
Dear Mr. Euresti:
You ask whether a county may deny assistance under the Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., if an applicant does not have a social security number.
It has been suggested that federal law would not permit a political subdivision to deny health-care benefits because of an applicant's failure to provide a social security number. Section 7 of the federal Privacy Act of 1974 provides:
 (a)(1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.
 (2) the provisions of paragraph (1) of this subsection shall not apply with respect to —
(A) any disclosure which is required by Federal statute, or
 (B) the disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.
 (b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.
Public Law 93-579, § 7 (reprinted at 5 U.S.C. § 552a, note). A 1976 amendment to the Social Security Act, however, made an additional exception to the prohibition set out in section 7(a)(1) of the federal Privacy Act:
 (i) It is the policy of the United States that any State (or political subdivision thereof) may, in the administration of any tax, general public assistance, driver's license, or motor vehicle registration law within its jurisdiction, utilize the social security account numbers issued by the Secretary for the purpose of establishing the identification of individuals affected by such law, and may require any individual who is or appears to be so affected to furnish to such State (or political subdivision thereof) or any agency thereof having administrative responsibility for the law involved, the social security account number (or numbers, if he has more than one such number) issued to him by the Secretary.
. . . .
 (iii) For purposes of clause (i) of this subparagraph, an agency of a State (or political subdivision thereof) charged with the administration of any general public assistance, driver's license, or motor vehicle registration law which did not use the social security account number for identification under a law or regulation adopted before January 1, 1975, may require an individual to disclose his or her social security number to such agency solely for the purpose of administering the laws referred to in clause (i) above.
42 U.S.C. § 405(c)(2)(C)(i) and (iii) (emphasis added). See generally Doyle v. Wilson, 529 F. Supp. 1343 (D.Del. 1982). Although we find no cases that construe the term "general public assistance," we think that an indigent health-care program would come within that category. Therefore, the federal Privacy Act would not prohibit a state or political subdivision from requiring an applicant to disclose his social security number.
We do not, however, interpret the Indigent Health Care and Treatment Act as making assistance contingent on the provision of a social security number. That act requires a county to provide health care to indigent residents of the county who are not residents of the area a hospital district or public hospital has an obligation to serve. V.T.C.S. art. 4438f, § 2.02. The Department of Human Resources is required to establish eligibility standards and application, documentation, and verification procedures for counties to use in determining eligibility under the act. Id. § 1.06(a). The rules of the Department of Human Resources relating to the application and documentation procedures must require each applicant to provide certain information including "the applicant's social security number, if available." Id. § 1.06(c)(2). We think the phrase "if available" makes clear that an applicant who does not have a social security number is not required to provide one in order to receive assistance under the Indigent Health Care and Treatment Act.[1]
You suggest, however, that a county must condition assistance on the receipt of a social security number because the act "indicat[es] that the Indigent Health Care program is to follow standards and procedures used to determine eligibility in the AFDC-Medicaid program." You then argue that because federal law requires applicants for AFDC to provide social security numbers, see 42 U.S.C. § 602(a)(25), 1320b-7, applicants for assistance under the Indigent Health Care and Treatment Act must be required to provide social security numbers.
We disagree with your argument. We note first that the act requires the Department of Human Services — not counties — to set eligibility standards and application procedures "in accordance with" department rules relating to the AFDC-Medicaid program. V.T.C.S. art. 4438f, § 1.06(a). In any event, although the Department of Human Services is to look to AFDC-Medicaid standards to fill the gaps in the Indigent Health Care and Treatment Act, it may not rely on those standards to adopt rules that are inconsistent with specific provisions of the Indigent Health Care and Treatment Act. See Bexar County Bail Bond Bd. v. Deckard, 604 S.W.2d 214, 216 (Tex.Civ.App.-San Antonio 1980, no writ) (administrative agencies may not adopt rules inconsistent with statutory provisions). The Indigent Health Care and Treatment Act specifically provides that an applicant must provide a social security number if it is available. Therefore, the provisions in the Indigent Health Care and Treatment Act that refer to AFDC-Medicaid standards do not permit the Department of Human Services to enact rules that would deny assistance under the Indigent Health Care and Treatment Act to an applicant who does not have a social security number.
A county may adopt its own eligibility standards and application procedures, but only if the county's standards and procedures are less strict than those of the Department of Human Services. V.T.C.S. art. 4438f, § 1.06(h); see also id. § 2.04(b). Because the Department of Human Services has no authority to promulgate a rule requiring applicants who do not have a social security number to provide one, a county may not adopt such a requirement, since such a requirement would be stricter than Department of Human Services standards.
Although you ask about social security numbers, your letter indicates that you are concerned about the provision of indigent health care to illegal or undocumented aliens who are residents of Cameron County. Any person who seeks county assistance under the Indigent Health Care and Treatment Act must show that he is a resident of the county. See id. § 1.03 (setting out factors to be considered in determining residency under the Indigent Health Care and Treatment Act). A residency requirement does not preclude an alien from receiving state services. Attorney General Opinion JM-962 (1988). See generally St. Joseph's Hosp. and Medical Center v. Maricopa County, 688 P.2d 986 (Ariz. 1984) (undocumented alien may be a resident of county for purpose of receiving medical assistance under state indigent health care statute). A tape of a floor discussion of the Indigent Health Care and Treatment Act indicates that the legislature did not intend illegal aliens to be excluded from coverage under the act if they met the residency and eligibility requirements. Debate on S.B. 1 on Floor of the House 69th Leg., 1st C.S. (May 29, 1985) (tape recording available through House Hearing Reporter).
 SUMMARY
A county may not deny assistance under the Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., because an applicant does not have a social security number.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General
[1] Your letter indicates that you are concerned about individuals who have no social security number rather than individuals who have a social security number but refuse to provide it. Therefore, we consider the meaning of the phrase "if available" only in the context of individuals who do not have social security numbers.